**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION**

**CASE NO.:**

ALEXANDRA WILLIAMS,

    Plaintiff,

v.

ACLARA SMART GRID SOLUTIONS, LLC; and
HUBBELL INCORPORATED,

    Defendants.

_____/

**COMPLAINT FOR DAMAGES AND DEMAND FOR JURY TRIAL**

Plaintiff, ALEXANDRA WILLIAMS ("Plaintiff") pursuant to *29 U.S.C. § 2601, et. seq.*, and *29 U.S.C. § 216(b)*, files the following Complaint for Damages and Demand for Jury Trial against Defendants, ACLARA SMART GRID SOLUTIONS, LLC ("ACLARA") and HUBBELL INCORPORATED ("HUBBELL") (ACLARA and HUBBELL hereinafter collectively referred to as "Defendants"), and alleges the following:

**INTRODUCTION**

1. Defendants unlawfully deprived Plaintiff of her federal rights pursuant to the Family Medical Leave Act ("FMLA") and the Fair Labor Standards Act ("FLSA"). This is an action to recover all equitable relief, front pay, back pay, liquidated damages, declaratory relief, and other lost benefits owed to Plaintiff arising from Defendants' interference of Plaintiff's FMLA rights. Plaintiff also seeks recovery of unpaid federal minimum wages which Defendants failed to pay her during her employment period.

**PARTIES**

2. During all times material hereto, Plaintiff was a resident of the Southern District of Florida, over the age of eighteen (18) years, and otherwise *sui juris*.

3. During all times material hereto, ACLARA was a foreign limited liability company operating its business in the State of Florida. ACLARA's principal place of business is at 40 Waterview Dr. Shelton, Connecticut, 06484. ACLARA's registered agent address in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 32301.

4. Defendant, ACLARA, regularly and recurrently conducts business within this jurisdiction and throughout Florida.

5. During all times material hereto, ACLARA was vested with control and decision-making authority over hiring, firing, pay policies and disciplinary actions as it related to Plaintiff.

6. Defendant, ACLARA was an employer covered by the FMLA, because (a) it was engaged in commerce or in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

7. During all times material hereto, ACLARA was Plaintiff's employer, as defined by the FMLA.

8. During all times material hereto, HUBBELL was a Connecticut for profit corporation operating its business in the State of Florida. HUBELL's principal place of business is located at the same exact location as ACLARA, at 40 Waterview Dr. Shelton, Connecticut, 06484. ACLARA's registered agent address in the State of Florida is Corporation Service Company, 1201 Hays Street, Tallahassee, Florida 3230.

9. Defendant, HUBBELL, regularly and recurrently conducts business within this jurisdiction and throughout Florida.

10. During all times material hereto, HUBBELL was also vested with control and decision-making authority over hiring, firing, pay policies, and disciplinary actions as it related to Plaintiff.

11. Defendant, HUBBELL was an employer covered by the FMLA, because (a) it was engaged in commerce or in an industry affecting commerce, and (b) it was an employer that employed fifty (50) or more employees for each working day during each of twenty (20) or more calendar workweeks, prior to the time period in which Plaintiff sought leave under the FMLA.

12. Plaintiff was an employee entitled to leave under the FMLA, based on the facts that she (a) requested FMLA leave to care for her mother who suffered from a qualifying serious health condition; (b) was employed by Defendants for at least twelve (12) months; and (c) worked at least one thousand two hundred and fifty (1,250) hours during the relevant 12-month period prior to when she sought to exercise her rights to FMLA leave.

13. Defendant, ACLARA, was Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

14. Defendant, HUBBELL, was also Plaintiff's employer, as defined by 29 U.S.C. § 203(d), during all times pertinent to the allegations herein.

15. ACLARA and HUBBELL were Plaintiff's integrated employer during all times material hereto.

16. ACLARA and HUBBELL were Plaintiff's joint employer during all times material hereto.

**JURISDICTION AND VENUE**

17. The acts and/or omissions giving rise to this dispute took place within Broward County, Florida, within the jurisdiction of this Honorable Court.

18. Jurisdiction is proper within the Southern District of Florida pursuant to 28 U.S.C. §§ 1331 and 1337.

19. Venue is proper within the Southern District of Florida pursuant to 28 U.S.C. § 1391(b)(2).

**FLSA COVERAGE**

20. Defendant, ACLARA, is covered under the FLSA through enterprise coverage, as ACLARA was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, ACLARA engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. ACLARA business and Plaintiff's work for ACLARA affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

21. During his employment with ACLARA, Plaintiff, and other employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: telephones, pens, notepads, computers, cellular telephones, order forms, mouse pads, headsets, computer software, sticky notes, tape, post-it notes, paper, paper clips, staples, pencils, permanent markers, calendars, folders, and other office materials items.

22. ACLARA also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff,

or used the instrumentalities of interstate commerce, or the mails, thus making ACLARA's business an enterprise covered by the FLSA.

23. Upon information and belief, Defendant ACLARA grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

24. During her employment with Defendant, ACLARA, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently spoke with ACLARA's customers who resided outside of the state of Florida, and regularly and recurrently assisted with work directly related to the instrumentalities of interstate commerce, such as customer service duties for utilities and electric companies, which gives rise to individual coverage under the FLSA.

25. Defendant, HUBBELL, is covered under the FLSA through enterprise coverage, as HUBBELL was engaged in interstate commerce during all pertinent times in which Plaintiff was employed. More specifically, HUBBELL engaged in interstate commerce by virtue of the fact that its business activities involved those to which the FLSA applies. HUBBELL'S business and Plaintiff's work for HUBBELL affected interstate commerce because the materials and goods that Plaintiff used on a constant and/or continuous basis moved through interstate commerce prior to or subsequent to Plaintiff's use of the same.

26. During her employment with HUBBELL, Plaintiff, and other employees, handled and worked with various goods and/or materials that moved through interstate commerce, including, but not limited to the following: telephones, pens, notepads, computers, cellular

telephones, order forms, mouse pads, headsets, computer software, sticky notes, tape, post-it notes, paper, paper clips, staples, pencils, permanent markers, calendars, folders, and other office materials items.

27.     HUBBELL also regularly employed two (2) or more employees for the relevant time period, who handled goods or materials similar to those goods and materials handled by Plaintiff, or used the instrumentalities of interstate commerce, or the mails, thus making HUBBELL's business an enterprise covered by the FLSA.

28.     Upon information and belief, Defendant, HUBBELL, grossed or did business in excess of $500,000.00 during the years of 2018, 2019, 2020, and is expected to gross in excess of $500,000.00 in 2021.

29.     During her employment with HUBBEL, Plaintiff was regularly and recurrently involved in interstate commerce, or in work directly related to instrumentalities of interstate commerce, or in the maintenance of instrumentalities of interstate commerce, and is therefore covered under the FLSA through individual coverage. More specifically, Plaintiff regularly and recurrently had telephonic conversations with Defendants' customers that were located outside of Florida, and regularly and recurrently assisted with work directly related to the instrumentalities of interstate commerce, such as customer service duties for utilities and electric companies, which gives rise to individual coverage under the FLSA.

30.     During her employment with Defendants, Plaintiff (i) was paid on an hourly basis; (ii) did not have supervisory authority over any individuals; (iii) did not make decisions of importance on behalf of Defendants, and (iv) was not required to possess any advanced training, skill, or prolonged education in order to perform any of her primary duties and responsibilities.

31. During all material times hereto, Plaintiff was a non-exempt employee of Defendants, within the meaning of the FLSA.

## JOINT ENTERPRISE COVERAGE

32. During all times material hereto, Defendants ACLARA and HUBBELL performed substantially related business activities.

33. Defendant, ACLARA provides infrastructure solutions to electric, gas and water utility companies worldwide.

34. Defendant, ACLARA, holds itself out to the public as employing 1,700 people. ACLARA also claims it assists more than 1,000 gas, water, and electric utilities worldwide. *See https://www.aclara.com/why-aclara/our-company/* (last visited July 19, 2021).

35. Defendant, HUBELL, is ACLARA's parent organization.

36. Defendant, HUBELL, is a power and utilities company that also offers its customers lighting and controls, wiring and electrical products and services, and datacom products (including but not limited to copper, fiber optic systems and connectors, and wireways). *See https://www.hubbell.com/hubbell/en#* (last visited July 19, 2021).

37. On Defendant, HUBELL's, website, it advertises that it offers ACLARA's business solutions to its customer and that ACLARA is one of its proprietary brands. *See https://www.hubbell.com/hubbell/en#* (last visited July 19, 2021).

38. Defendants, ACLARA and HUBBELL, used central management and/or common control to effectuate the business needs and goals of both entities.

39. Moreover, Defendants, ACLARA and HUBBELL, were engaged in offering substantially the same or similar services to their clients, customers and employees.

40. Defendants, ACLARA and HUBBELL also shared a common business purpose during all times material hereto.

41. During all times material hereto, Defendant, ACLARA relied upon HUBBELL's assistance in its operations and vice-versa.

42. During all times material hereto, supervisors for HUBBELL managed and supervised ACLARA employees, and vice-versa.

43. During all times material hereto, HUBELL provided ACLARA with human resources support.

44. The gross revenue of Defendants, ACLARA and HUBBELL, was collectively in excess of $500,000.00 in 2018, 2019, 2020 and are expected to collectively gross in excess of $500,000.00 in 2021.

45. Defendants, ACLARA and HUBBELL, intermingle resources, finances, employees and supplies to provide services and goods to their clients, customers and employees.

46. On their respective Sunbiz pages that are registered with the State of Florida, Defendants, ACLARA and HUBBELL, both identify 40 Waterview Dr. Shelton, Connecticut, 06484 as their principal place of business and mailing address. ACLARA and HUBBELL operate together out of this shared address in furtherance of their joint enterprise.

47. During all time periods hereto, Defendants, ACLARA and HUBBELL, maintained control over the day-to-day operations of ACLARA, including the payroll, human resources, hiring, firing, technology support and scheduling of duties.

## GENERAL ALLEGATIONS

48. When Plaintiff was hired in or around August 2019, she was misclassified as an independent contractor. Plaintiff's job title was "customer service representative."

49. However, during her employment period, the Department of Labor conducted an audit regarding ACLARA's incorrect classification of its employees as independent contractors.

50. As a result of this investigation, ACLARA attempted to correct its error made its former customer service representatives official company employees. Moreover, ACLARA paid all previously misclassified employees overtime wages for the work they performed above forty (40) hours per workweek.

51. Plaintiff was one of the individuals who received overtime backpay pursuant to the Department of Labor investigation regarding misclassification of employees.

## DEFENDANTS INTERFERE WITH PLAINTIFF'S RIGHT TO RECEIVE FAMILY MEDICAL LEAVE AND TO RECEIVE MINIMUM WAGES

52. In April 2021, Plaintiff requested FMLA leave to care for her mother who was suffering from a serious health condition.

53. Plaintiff identified her mother's serious health condition – chronic obstructive pulmonary disease – within her application for FMLA leave.

54. However, Defendants denied Plaintiff's FMLA request. Defendants' sole reason for denying Plaintiff's FMLA request was the length of her employment period. However, Defendants failed to include Plaintiff's employment period prior to the Department of Label audit (which determined Plaintiff was misclassified as an independent contractor and owed overtime wages) towards her applicable 12-month period for the purpose of calculating FMLA entitlement.[1]

55. Because Plaintiff was her mother's sole caretaker, and because Defendants refused to allow Plaintiff to take FMLA leave, Plaintiff was forced to resign on April 13, 2021 so that she could care for her mother who was suffering from a serious health condition.

---

[1] Because Plaintiff was hired in August 2019, she worked for Defendants for more than 20 months when she requested FMLA leave in April 2021.

56. After Plaintiff resigned (in order to care for her mother who was suffering from a serious health condition) Defendants failed to pay Plaintiff minimum wages for some of the work she performed during her last week of work.

57. Defendant's payroll records during the relevant time period do not accurately reflect the hours that Plaintiff actually worked.

58. Throughout her entire employment period, Plaintiff never received any significant disciplinary actions, reprimands, or negative performance reviews.

### COUNT I – UNLAWFUL INTERFERENCE UNDER THE FMLA
**(against both Defendants)**

59. Plaintiff hereby incorporates and re-alleges the allegations set forth within Paragraphs 1 through 58 above.

60. At all times relevant hereto, Plaintiff was protected by the FMLA.

61. At all times relevant hereto, Defendants interfered with Plaintiff's FMLA protected leave.

62. As a result of Defendants' intentional, willful and unlawful interference with Plaintiff's protected FMLA leave, Plaintiff has suffered damages and has incurred reasonable attorneys' fees and costs.

63. As a result of Defendants' willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff, ALEXANDRA WILLIAMS, demands judgment against Defendants, ACLARA SMART GRID SOLUTIONS, LLC, and HUBBELL INCORPORATED, and demands damages for back pay, front pay, an equal amount of liquidated damages, other damages and lost benefits permitted under the FMLA, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that the Court determines to be just and appropriate.

### COUNT II – FEDERAL MINIMUM WAGE LAW VIOLATIONS – 29 U.S.C. § 206
**(against both Defendants)**

64. Plaintiff re-avers and re-alleges Paragraphs 1 through 58 above, as though fully set forth herein.

65. Plaintiff worked approximately 27 hours during her last week of employment with Defendants.

66. During Plaintiff's last week of employment, Plaintiff performed work for Defendants for which she should have received at least the federal minimum wage.

67. However, Defendants only paid Plaintiff approximately $4.20 for the work she performed during her last week of employment.

68. To date, Defendants have not properly paid Plaintiff all of her minimum wages as required by the FLSA.

69. Defendants' failure to comply with the federal overtime provisions of the FLSA was intentional and/or willful.

70. As a result of Defendants' refusal to remedy their violations of the FLSA, Plaintiff is entitled to recover unliquidated damages, liquidated damages, court costs and reasonable attorney's fees.

WHEREFORE, Plaintiff, ALEXANDRA WILLIAMS, demands judgment against Defendants, ACLARA SMART GRID SOLUTIONS, LLC, and HUBBELL INCORPORATED, and respectfully requests that she be awarded the following relief: (a) unliquidated damages to be paid by the Defendants jointly and severally; (b) liquidated damages to be paid by the Defendants jointly and severally; (c) reasonable attorneys' fees and costs to be paid by the Defendants jointly

and severally; and any and all such further relief as may be deemed just and reasonable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff, ALEXANDRA WILLIAMS, demands a trial by jury on all appropriate claims.

**Dated this 20th day of July 2021.**

Respectfully Submitted,

**USA EMPLOYMENT LAWYERS-JORDAN RICHARDS, PLLC**
805 East Broward Blvd. Suite 301
Fort Lauderdale, Florida 33301
Tel: (954) 871-0050
*Counsel for Plaintiff*

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372
JAKE BLUMSTEIN, ESQUIRE
Florida Bar No. 1017746
*Jordan@jordanrichardspllc.com*
*Jake@jordanrichardspllc.com*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that the foregoing document was filed via CM/ECF on July 20, 2021.

By: */s/ Jordan Richards*
JORDAN RICHARDS, ESQUIRE
Florida Bar No. 108372

**SERVICE LIST:**